C. FATH ET AL., Respondents, *v.* W. HAKE, Appellant.

### February 24, 1885.

1. INSTRUCTIONS — FALSE TESTIMONY. — An instruction that if the jury believe that any witness has sworn falsely upon any material point they may disregard his entire testimony, omitting the element of wilfulness or knowledge, is erroneous.

2. —— Such an instruction is not harmless where there are two issues, one side of which is supported almost entirely by the evidence of one witness and on either of which a verdict might be rendered.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

BROADHEAD & HAEUSSLER, and C. V. SCOTT, for the appellant.

HOUGH, OVERALL & JUDSON, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is an action on what is alleged to be a stated account, embracing a large number of items of advances to cover losses, and charges by way of commissions, on sales and purchases of grain alleged to have been made by the plaintiffs, at the request of the defendant as his commission merchants. The answer denies (among other things), that the defendant ever assented to the balance therein shown, so as to give it the effect of an account stated, and sets up by way of special defence, that all the transactions for which the plaintiffs were entitled to make any charge

against the defendant, were mere wager contracts, and hence illegal and void.

At the trial, which was had before a jury, the defendant testified distinctly that he had never assented to the account as correct, and that it was agreed between him and the plaintiffs, that these transactions were nothing but option deals, and that he need not receive any thing nor deliver any thing.

At the request of the plaintiffs, the court instructed the jury as follows: " The court instructs the jury that they are the judges of the credibility of the witnesses, and if they believe that any witness has sworn falsely upon any material point, they have the right in their discretion, to reject his testimony altogether." This instruction, it will be perceived, is in substantially the same language as the instruction which was held erroneous by this court, in the recent case of *Evans* v. *Railroad Co.* (*ante*, p. 522). It is not denied that by reason of omitting the essential element of wilfulness or knowledge, the instruction was erroneous in point of law ; but it is claimed that in the state of the evidence in this case, it was harmless. It is quite apparent that we can not so hold. The jury found for the plaintiffs. The instruction was manifestly directed against the testimony of the defendant himself. Now, the jury might well have believed the defendant's statement that the understanding was, that these were nothing but option deals, and, at the same time, have believed him mistaken in testifying that he never assented to this account as correct, and agreed to pay it; or they might have believed his statement on the latter point and believed that he was mistaken on the former ; in either of which cases, their verdict, under the law and the other instructions of the court, must have been for the defendant. But this instruction had the effect of telling them that they might disregard his testimony as to both of these issues, if they should find him mistaken as to one of them. It is quite plain that such an

instruction can never be held harmless where there are two issues, one side of which is supported almost entirely by the testimony of a single witness.

The judgment is reversed and the cause remanded. All the judges concur.